Haul, Judge.
 

 The act of 1715,
 
 Clu
 
 7. points out the mode by which conveyances for land shall be made, and declares that when so made, they shall be good and available in lawr, without livery of seisin, attornment, or other ceremony in the law whatsoever. By the 2nd and 3rd sections, provision is made for the registration of deeds made before that time, and also for deeds made in foreigu parts, and such deeds are declared valid: the 7th and 8th sections regulate the registration of mortgages, and take away the equity of redemption from a second mortgagor : the 9th section declares that the widow of a mortgagor shall not be barred of dower, who did not legally join with her husband in such mortgage.
 

 I cannot perceive the object that this latter clause was intended to answer, because without it, widows of mortgagors, who had not joined with their husbands, would have been entitled to dower, as much as widows would, have been who liad not joined with their husbands in other' conveyances pointed out by the act as valid for the purpose of passing lands. It seems, however, not to have a prospective operation, the expression is, “who did not join with her husband in such mortgage,*” it therefore, can have no bearing upon the present question. At that time, and since, up to the year 1784, widows were entitled to dower in lands, of which their husbands were seis-ed, at any time during the coverture: the act passed in •that year, (New.
 
 Rev. Ch.
 
 204,) malees a great altera-
 
 *148
 
 in the rights of dower; that act declares,
 
 sec.
 
 8, that widows shall be entitled to one third part of all the lands, tenements and hereditaments, of which her husband died. sejsei] or possessed, it seems to be somewhat difficult to understand what
 
 ex vi'termini,
 
 the Legislature intended by the word, possessed; because it is difficult to imagine a case when a widow would be endowed of a possession only ; if it be considered as synonimous with
 
 seised,
 
 and tautologically inserted, there is no difficulty.
 

 It has been argued, that it comprehends the case of possessions of’ mortgagors who die before foreclosure, as in the ■present, case: I cannot adopt that construction of the act, because I think the act of 1715, relative to mortgages not to be. in force, and because I cannot think that the, widow of a mortgagor who has parted with his title to the- land, in a bettor situation than the widow of a person who made a clear conveyance of his land; in either case, the grantor does not die seised of the land, and I conceive the Legislature never intended to give dower of a possession of land when the seisin w'as adversely' in, another person; here it is so, and it is placed so by the husband’s intent, to answer another purpose after his death, inconsistent with dower.
 

 It is time, in the act of 1715,
 
 ch.
 
 4,
 
 sec.
 
 6, the Legislature consider a widow7 entitled to dower of lands which her husband had entered in his life-time, but for which he had. taken out no grant; but in that case, it will be seen, that there is no adverse seisin, and that case is one
 
 sni generis.
 

 There is some colour for the belief, that in the act of 1715.
 
 ch.
 
 2, the Legislature used the word possession, as synonimous with the word seisin, when they speak of a seven years’ possession under a defective or colourable title as giving a right: and such continued possessions ripening into title, although called possessions, are in fact, the titles -to the land, but naked possession even held under a trust, will not give dower. By the act of
 
 *149
 
 1791, also passed for quieting ancient titles and limiting the claim of the state, it is declared that twenty-one years • i i . possession under colourable title should be a bar against the state, but that possession, is the title to the land, and is used as amounting to the same thing as if they had said, seised of the land. In my opinion, there is no ground whatever for saying, that the Defendant in the case before us, is in law, entitled to dower.
 

 Taylor, Chief-Justice, and Hrnorrson, Judge, concurred.